IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No.:4:19-cv-151

NEW BERN GOLF AND COUNTRY CLUB, INCORPORATED,

    Plaintiff,

v.

UNDERWRITERS AT LLOYD'S LONDON, specifically LLOYD'S 4242 and LLOYD'S 1301 and their respective members, NATIONAL FIRE & MARINE INSURANCE COMPANY, and BOULDER CLAIMS, LLC,

    Defendants.

**NOTICE OF REMOVAL**

NOW INTO COURT, comes Defendants Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 32-7560126847-S-00 (hereinafter "Underwriters"), incorrectly identified as "Underwriters at Lloyd's London, specifically Lloyd's 4242 and Lloyd's 1301 and their respective members"; National Fire & Marine Insurance Company ("NF&M"); and Boulder Claims, LLC ("Boulder Claims") which pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and with a full reservation of rights, hereby remove the lawsuit styled *New Bern Golf and Country Club, Incorporated, v. Underwriters at Lloyd's London, specifically Lloyd's 4242 and Lloyd's 1301 and their respective members, National Fire and Marine Insurance Company, and Boulder Claims, LLC*, Case No. 19-CVS-1393, on the docket of the General Court of Justice Superior Court Division for the County of Craven, State of North Carolina, to the United

States District Court for the Eastern District of North Carolina.[1]  Defendants respectfully submit that the grounds for its removal of this action are as follows:

1. On September 13, 2019, Plaintiff New Bern Golf and Country Club, Incorporated ("Plaintiff") initiated this lawsuit by filing a Complaint in the General Court of Justice, Superior Court Division for the County of Craven, State of North Carolina ("the State Court Action").

2. In the State Court Action, Plaintiff alleges that Defendants allegedly breached their contract with Plaintiff by failing to pay benefits owed under Policy No. 32-7560126847-S-00[2] ("Policy") arising out of a September 14, 2018 wind event.  Plaintiff also brings purported claims for alleged "bad faith."

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto.  Specifically, all process, pleadings, and orders served upon Underwriters in the State Court Action are attached hereto as **Exhibit "A"**.  All process, pleadings, and orders served upon NF&M in the State Court Action are attached hereto as **Exhibit "B"**.  Upon information and belief, Boulder Claims has not yet been formally served with process.

4. On September 18, 2019, Defendants Underwriters and NF&M were served with a summons and a copy of Plaintiff's Complaint in the State Court Action.  (Ex. A and B.)

### Citizenship of the Parties

5. Defendant Underwriters are comprised of the following two Lloyd's Syndicates: 1301 and 4242.  Each of the foregoing Lloyd's Syndicates is comprised of Members of Lloyd's who provide capital to support the Syndicates' underwriting.  None of the Members of Lloyd's

---

[1] In filing this Notice of Removal, Underwriters and NF&M do not waive, and hereby expressly reserve, the right to demand appraisal pursuant to the terms of the Policy.
[2] In the Complaint, Plaintiff incorrectly references policy No. 32-7560126847-S-00i

subscribing to Policy No. 32-7560126847-S-00 are citizens of the State of North Carolina. Further, the Lloyd's Syndicates are managed by a Managing Agent. Both of the Managing Agents for the foregoing Lloyd's Syndicates that subscribe to Policy No. 32-7560126847-S-00 are entities created under UK law, and all have their principal place of business in London, England.

6. Boulder Claims, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Broomfield, Colorado.

7. National Fire & Marine Insurance Company is a corporation organized under the laws of the state of Nebraska, with its principal place of business in Omaha, Nebraska.

8. Plaintiff alleges in the Complaint that it is a corporation organized and existing under the laws of the State of North Carolina conducting business in Craven County, North Carolina.

9. Accordingly, there is diversity of citizenship between Plaintiff and Defendants.

**Amount in Controversy**

10. There is more than $75,000.00, exclusive of interest and costs, in controversy in this lawsuit.

11. In the Complaint, Plaintiff alleges, under both the Breach of Contract Count and the purported Bad Faith Count, that "Plaintiff is entitled to recover damages from Defendant in excess of $25,000.00, exclusive of interest, attorneys' fees, and costs." (Ex. A and B ¶¶ 9,12, 27.)[3]

12. More specifically, Plaintiff alleges that it suffered $415,763.60 in covered damages. (Ex. A and B ¶ 9.) Plaintiff further alleges that Defendants claim the total covered damages to be

---

[3] North Carolina law does not permit a plaintiff to claim a specific amount greater than $25,000 in damages. *See generally Lee Elec. Constr. Inc. v. Eagle Elec., LLC*, No. 1:03CV00065, 2003 U.S. Dist. LEXIS 9956, at *7 (M.D.N.C. June 10, 2003) (noting that in North Carolina "a plaintiff can plead for judgment in excess of a certain dollar amount," but need not plead the exact amount of damages, "making it difficult to determine the exact amount in controversy").

$13,667.14. (Ex. A and B ¶ 9.) Thus, the plead amount in controversy is $402,096.46. However, Plaintiff's estimate includes $5,317.16 in contents. Yet, Plaintiff fails to include the amount of loss to contents that Defendants agree are covered, which totals $950. With the contents properly included, the pre-deductible amount in dispute is $401,146.90. Lastly, the Policy includes a $25,000 per building deductible. With the applied deductible and contents properly included, the amount in dispute is $376,146.46.

13. Accordingly, because the amount at stake in this litigation exceeds $75,000.00, the amount in controversy has been satisfied for purposes of removal.

## Timeliness of Removal

14. Thirty (30) days have not elapsed from the date of service on Underwriters and NF&M of the Complaint. While Boulder Claims has not been served with a summons in this action, the earliest it received even notice of the Complaint was when Underwriters were served with the Complaint. Furthermore, one year has not passed from the commencement of this action, which occurred on September 13, 2019. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## Conclusion

15. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

16. Given that there is diversity of citizenship between the only Plaintiff and the Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest,

attorneys' fees and costs, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.  Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

17. Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending within the United States District Court for the Eastern District of North Carolina, Eastern Division.

18. Promptly after filing this Notice of Removal, written notice hereof will be given to counsel for Plaintiff.  In addition, Defendants will file a copy of this Notice of Removal with the Clerk of Court for the General Court of Justice Superior Court Division for the County of Craven, State of North Carolina in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that this Notice of Removal be deemed good and sufficient, that the aforesaid Complaint be removed from the General Court of Justice, Superior Court Division for the County of Craven, State of North Carolina to the United States District Court for the Eastern District of North Carolina for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and thereupon proceed with the civil action as if it had been commenced originally herein.

PD.27198109.1                                              5

Case 4:19-cv-00151-BR   Document 1   Filed 10/18/19   Page 5 of 7

This the 18th day of October, 2019.

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ Kevin M. O'Brien
Kevin M. O'Brien, NC Bar #43373
obrienk@phelps.com
William R. Hartzell, NC Bar #50762
william.hartzell@phelps.com
Phelps Dunbar LLP
GlenLake One
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612-3723
Telephone: 919-789-5300
Facsimile: 919-789-5301

*Attorneys for Defendants Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 32-7560126847-S-00, National Fire & Marine Insurance Company, and Boulder Claims, LLC*

# Certificate of Service

The undersigned certifies that the document to which this Certificate is affixed was served upon the following parties by U.P.S. Overnight Delivery on October 18, 2019.

J. Patrick Haywood
Kenneth R. Keller
Rachel Scott Decker
Trisha L. Barfield
Carruthers & Roth, P.A.
235 N. Edgeworth Street
Greensboro, North Carolina 27401
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
Email: jph@crlaw.com
krk@crlaw.som
rsd@crlaw.com
tlb@crlaw.com
*Attorneys for Plaintiff*

PHELPS DUNBAR LLP

/s/ Kevin M. O'Brien
Kevin M. O'Brien, NC Bar #43373
obrienk@phelps.com
William R. Hartzell, NC Bar #50762
william.hartzell@phelps.com
Phelps Dunbar LLP
GlenLake One
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612-3723
Telephone:     919-789-5300
Facsimile:     919-789-5301

*Attorneys for Defendants Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 32-7560126847-S-00, National Fire & Marine Insurance Company, and Boulder Claims, LLC*