IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19–CV–151–BR

| | | |
|---|---|---|
| NEW BERN GOLF AND COUNTRY CLUB, INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| UNDERWRITERS AT LLOYD'S LONDON, specifically LLOYD'S 4242 and LLOYD'S 1301 and their respective members, NATIONAL FIRE & MARINE INSURANCE COMPANY, and BOULDER CLAIMS, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 32-7560126847-S-00[1], National Fire & Marine Insurance Company (jointly "Market Insurers"), and Boulder Claims, LLC's ("Boulder Claims") (collectively "defendants") motion to dismiss or stay this case pending appraisal, and to compel appraisal. (DE # 17.) Plaintiff, New Bern Golf and Country Club, Incorporated ("New Bern Country Club"), filed a response in opposition to the motion, (DE # 20), and defendants filed a reply, (DE # 21). This motion is ripe for disposition.

## I. BACKGROUND

The Market Insurers subscribed to a named peril commercial property insurance policy, number 32-7560126847-S-00 ("Policy"), issued to New Bern Country Club. (DE # 1-1, at 2; DE # 17, at 2.) The Policy provided coverage for certain damage to New Bern Country Club. (DE #

---

[1] Although plaintiff named "Underwriters at Lloyd's London, specifically Lloyd's 4242 and Lloyd's 1301 and their respective members," defendants assert the correct name is "Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No. 32-7560126847-S-00." (DE # 17, at 1; see also DE # 1-1, at 4.)

1-1, at 2; DE # 17, at 2.)  After Hurricane Florence hit the area in September 2018, New Bern Country Club reported a loss to its property.  (DE # 1-1, at 2; DE # 17, at 2.)  The Market Insurers, through Boulder Claims, subsequently began adjusting the claim.  (DE # 1-1, at 2; DE # 17, at 2.)  An independent field adjuster ("IA"), hired by the Market Insurers, first inspected the property on 2 October 2018.  (DE # 18, at 3.)  Following this inspection "and an inspection by an engineer on October 14 and 15, 2018 [d]efendants were advised that the covered damages to the [p]roperty totaled $13,667.14 and did not exceed the Policy's applicable deductible."  (DE # 17, at 2.)  New Bern Country Club, however, retained a public adjuster who produced a repair estimate totaling $415,763.60.  (DE # 18, at 3; see also DE # 1-1, at 3 (alleging $415,763.60 in damages).)

New Bern Country Club instituted the instant action in North Carolina state court on 13 September 2019, alleging breach of contract, unfair claim settlement trade practices, and unfair and deceptive trade practices.  (DE # 1-1.)  Defendants removed the action to this court on 18 October 2019.  (DE # 1.)  On 19 November 2019, defendants, through an IA, a second engineer, and a building consultant, re-inspected the property.  (DE # 18, at 3.)  The second engineer then prepared a supplemental report, which concluded that the first engineer's conclusions remained unchanged.  (Id.)  On 9 January 2020, the Market Insurers relayed this information to New Bern Country Club and notified it of their intent to invoke the appraisal clause of the Policy.[2]  (Id.)  On this same date, defendants moved to dismiss New Bern Country Club's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending completion of the appraisal process is a condition precedent to filing suit.  (DE # 17, at 4−5.)

---

[2] Although defendants' memorandum in support states the Market Insurers invoked the appraisal clause in a letter dated 9 January 2019, (DE # 18, at 3), the letter identified and provided is dated 9 January 2020, (DE # 17, at 2; DE # 17-2).

2

## II. DISCUSSION

### A. Standard of Review

A 12(b)(6) motion to dismiss tests the sufficiency of a complaint. SD3, LLC v. Black & Decker (U.S.), Inc., 801 F.3d 412, 441 (4th Cir. 2015) (citation omitted). "'[I]mportantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). Thus,

> a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.

Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citation omitted).

### B. Appraisal Process

It is well-settled that "[a] federal court, sitting in North Carolina in a diversity case, must apply the law as announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule." Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir. 1974) (citations omitted). North Carolina law provides "'an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto.'" Gaston Cty. Dyeing Mach. Co. v. Northfield Ins. Co., 524 S.E.2d 558, 562 (N.C. 2000) (citation omitted). Thus, if the parties agree, they may "make participation in an appraisal process a condition precedent to suit." Pierce v. Am. Strategic Ins. Corp., No. 3:16-CV-85, 2016 U.S. Dist. LEXIS 71426, at *2 (W.D.N.C. June 1, 2016) (citing Patel v. Scottsdale Ins. Co., 728 S.E.2d 394 (N.C. Ct. App. 2012)); see also Buchanan v. N.C. Farm Bureau Mut. Ins. Co., No. COA19-887, 2020 N.C. App. LEXIS 199, at *19 (N.C. Ct. App. Mar. 17, 2020). Appraisal provisions, "which bind the parties on 'the single issue of the amount of loss under a[n] []

3

insurance policy, reserving all others for a trial in court' long ago withstood due process challenges." High Country Arts and Craft Guild v. Hartford Fire Ins., 126 F.3d 629, 634 (4th Cir. 1997) (quoting Hardware Dealers Mut. Fire Ins. Co. v. Glidden Co., 284 U.S. 151 (1931)). When a litigant files suit before a valid appraisal clause is satisfied, the court may stay proceedings until the appraisal process is completed. See, e.g. Pierce, 2016 U.S. Dist. LEXIS 71426, at *2; Patel, 728 S.E.2d at 400.

Here, the Policy's appraisal provision provides in part:

> If You and We fail to agree as to the value of the property or amount of loss, damage or expense, each shall, on the written demand of either, select a competent and impartial appraiser, and the appraisal shall be made at a reasonable time and place. . . .

(DE # 18, at 4 (quoting DE # 17-1, at 33).)[3]  The Policy also provides:

> We will pay for covered loss or damage within 60 days after We receive Your signed sworn proof of loss and You have complied with all of the terms of this Policy, and: A. We have reached agreement with You on the amount of loss; or B. An appraisal award has been made.

(Id. (quoting DE # 17-1, at 34).)

Defendants argue a dismissal or stay is warranted because they invoked the appraisal process and that process has not been completed. (See DE # 17, at 5.)  New Bern Country Club agrees "[t]he Policy permits the appraisal process to determine the value of the property or the amount of loss." (DE # 20, at 3.)  However, New Bern Country Club contends "the parties dispute the cause of the damages and whether the damages were caused by a covered loss." (Id.)

---

[3] Although consideration of a 12(b)(6) motion is "generally limited to a review of the allegations of the complaint itself," the court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165−66 (4th Cir. 2016) (citations omitted).  Although not expressly incorporated, New Bern Country Club references the Policy in its complaint.  (DE # 1-1, at 2.)  It has not disputed the authenticity of the Policy provided by defendants, and, the court will consider it at this juncture.

Because "[t]he appraisal process does not resolve this coverage issue," it contends, "invoking the appraisal process is premature." (Id. at 3−4.)

Although appraisal clauses are generally enforceable, "North Carolina law does not empower appraisers to make causation or coverage determinations." Glendale LLC v. AMCO Ins. Co., No. 3:11-CV-3, 2012 U.S. Dist. LEXIS 56335, at *12 (W.D.N.C. Apr. 23, 2012) (citing High Country Arts, 126 F.3d at 634; N.C. Farm Bureau Mut. Ins. Co., Inc. v. Sadler, 711 S.E.2d 114, 117−18 (N.C. 2011)).[4] In Glendale, following a fire at an insured restaurant, the appraisers "excluded repairs for some amount [of] damage to the restaurant based on their belief that some damage was caused by [p]laintiff's neglect of the charred restaurant rather than directly by the fire and that the [p]olicy excluded such damages." 2012 U.S. Dist. LEXIS 56335, at *14. The court acknowledged it may be appropriate for appraisers to exclude conditions present before a covered event, but held "[w]hat is not appropriate for an appraiser to decide is how much of the deterioration resulted from a covered cause and how much came from an uncovered cause." Id. (citing Sadler, 711 S.E.2d at 117). "Such an exclusion would reflect an impermissible determination that the [p]olicy did not cover such losses and, possibly, an impermissible causation analysis that the [covered cause] did not lead to the [additional damages]." Id. at *15−16. Accordingly, the court held "the award's valuation of building damage is invalid due to the appraisers' improper consideration of causation issues." Id. at *10.

---

[4] Defendants contend Sadler stands for the proposition that appraisers may not consider causation only where the policy specifically prohibits it. (DE # 21, at 3.) While the court's holding was based on the policy at issue in that case, the court also acknowledged generally, "'[t]he appraiser evaluates only the loss and does not consider questions of policy interpretation or scope of coverage.'" Sadler, 711 S.E.2d at 117 (quoting 15 Lee R. Russ & Thomas F. Segalla, Couch on Insurance 3d § 210:42 (Dec. 1999)). In reversing the grant of summary judgment, the court also noted "'when, as here, the facts and circumstances surrounding a claim—especially causation—remain in dispute,' the finder of fact must 'determine whether the ultimate cause of the claimed damages falls within the scope of the policy's exclusionary provisions, as defined by the trial court.'" Id. at 118 (citing Markham v. Nationwide Mut. Fire Ins. Co., 481 S.E.2d 349, 335 (N.C. Ct. App. 1997)).

5

Comparably, in High Country Arts, appraisers assessed the plaintiff's business loss for sixty days after a fire, concluding that was the amount of time covered by the policy. 126 F.3d at 631. The plaintiff demanded payment for twelve months of loss and filed suit when the insurer declined. Id. Following a jury verdict awarding damages for twelve months of loss, the insurer appealed seeking to limit the business loss to the appraised value. Id. The Fourth Circuit held the appraisal purported to resolve coverage questions by limiting the loss period to sixty days, "[b]ut the policy conferred on appraisers only the right to determine 'the amount of loss.'" Id. Thus, the court held the parties were not bound by the appraisal. Id.

The North Carolina cases on which defendants rely are not to the contrary. Neither Pierce, Patel, nor Buchanan involved issues of causation or coverage. See Pierce, 2016 U.S. Dist. LEXIS 71426, at *2 (challenging the validity of the policy's appraisal process language); Patel, 728 S.E.2d 394 (disagreeing over the market value of the property); Buchanan, 2020 N.C. App. LEXIS 199, at *9 (contending the policy allowed filing suit to determine the amount of loss). Courts have recognized this important distinction. See Otto Indus. N. Am. v. Phoenix Ins. Co., No. 3:12-CV-717, 2013 U.S. Dist. LEXIS 69640, at *6 (W.D.N.C. May 15, 2013) (accepting plaintiff's argument that "[u]nlike Patel, this action involves disputed issues of coverage that under settled North Carolina law cannot be resolved by appraisal"); Buchanan, 2020 N.C. App. LEXIS 199, at *8−9 (acknowledging the distinction drawn in Otto and noting, "[p]laintiff failed to allege any issues concerning the interpretation and application of the terms and conditions of the policy").

The parties here agree that wind is a covered event but disagree as to how much damage it caused. (See DE # 20, at 3−4; DE # 21, at 3.) "Plaintiff contends that it sustained $415,763.60 due to hurricane winds, which is a covered loss." (DE # 20, at 3.) On the other hand, defendants

6

contend the covered damages total $13,667.14, (DE # 17, at 2), asserting "some damages were caused by wind forces, some damages were caused by flood waters, and some damages were caused by pre-existing conditions including improper installation and deterioration, among other causes," (DE # 21, at 2 n.1). At bottom, the parties dispute "how much of the [damage] resulted from a covered cause and how much came from an uncovered cause." Glendale, 2012 U.S. Dist. LEXIS 56335, at *14. Such causation questions should not be resolved by the appraisal process. See id. at *12 (fire versus theft determination inappropriate for appraisal process); High Country Arts, 126 F.3d at 634 (coverage period question inappropriate for appraisal process); Otto, 2013 U.S. Dist. LEXIS 69640, at *6−7 (declining to compel the appraisal process where the case involved issues of coverage); Sadler, 711 S.E.2d at 117 (acknowledging "'Generally, . . . whether the loss . . . was caused by a covered risk is a question for the jury.'" (citation omitted)). Further inquiry into the factual context of New Bern Country Club's losses is necessary to determine which damage was caused by wind and therefore covered under the Policy. See Sadler, 711 S.E.2d at 117; see also High Country Arts, 126 F.3d at 634; Glendale, 2012 U.S. Dist. LEXIS 56335, at *14. As such, this court will decline to compel the appraisal process at this time.

### III. CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss or stay pending appraisal, and to compel appraisal is DENIED.

This 23 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge